FAITOUTE IRON & STEEL COMPANY, A CORPORATION, AND MOSES W. FAITOUTE, PLAINTIFFS, v. CITY OF ASBURY PARK, A MUNICIPAL CORPORATION, DEFENDANT.

Decided March 27, 1941.

For the plaintiffs, *Arthur T. Vanderbilt.*

For the defendant, *Ward Kremer.*

SMITH, JOSEPH L., S. C. C. This comes on a motion of the defendant to strike the complaint filed herein as setting forth no legal cause of action. The plaintiffs' suit is to recover on bonds and interest coupons issued by the defendant and held by the plaintiff. The grounds set forth in the motion to strike the complaint are that the complaint does not set forth a legal cause of action; that the complaint does not aver that the plaintiffs have obtained the permission of the New Jersey Supreme Court to institute the present suit; that the defendant has in operation a refunding plan controlling the plaintiffs' claim; that the plaintiffs are controlled by the terms and provisions of *N. J. S. A.* 52:27-34 *et seq.,* and that the plaintiffs have not obtained permission of the New Jersey Supreme Court to institute the present suit.

The procedural propriety of the motion is questionable in view of the fact that the complaint, on its face, without the qualification of extraneous matters, does set forth a cause of action, and the grounds stated in the motion would have been stated more properly by way of an answer. However, all the relevant facts are admitted by both parties and concededly there are no issues of facts to be determined, and solely a question of law is left for determination. Under these circumstances, the court will consider the motion on the merits rather than on procedural grounds.

The defendant concedes the issuance of bonds now held by the plaintiffs; it shows, however, that on or about March 7th, 1935, it, the City of Asbury Park, was placed under the control of a Municipal Finance Commission, pursuant to *N. J. S. A.* 52:27-1 *et seq.;* thereafter, a plan for refunding of the bonded indebtedness of the city was filed with the New Jersey Supreme Court, pursuant to *N. J. S. A.* 52:27-34 *et seq.,* whereupon the Supreme Court assumed jurisdiction over the proceedings.

In due course the court approved the refunding plan, subject to the approval of the plan by eighty-five per cent. or more, in amount of the indebtedness affected by the plan. Subsequently, the necessary percentage of consents was obtained and the plan was put into operation on June 15th, 1938. The contention of the defendant is that the claim or interests of the plaintiffs, are governed and controlled by the said plan. Mr. Justice Perskie, in his order approving the modified plan of adjustment, under date of April 29th, 1938, states that:

"It [referring to the plan] is not detrimental to other creditors of the municipality."

The said order also provides that the Supreme Court shall retain jurisdiction over the proceedings, in accordance with the statutes and for the purpose of determining such matters as are provided under the said amended refunding plan for the court's determination.

The plaintiffs contend that the statute in question, under which the proceedings in the Supreme Court were held, and upon which would be based the defendant's defense, are unconstitutional.

Under the circumstances stated, it is not necessary to determine the constitutionality of *N. J. S. A.* 52:27-1,-34 *et seq.,* in so far as the provisions thereof, in abrogation of contractual rights of plaintiffs, are concerned. The statute in question, 52:27-38, provides that the Supreme Court shall retain jurisdiction over the proceedings even after the entry of the order approving the adjustment; that thereafter no creditor shall bring action without the permission of the Supreme Court. In compliance with this statute, our Supreme Court, under the order of Mr. Justice Perskie, has accepted and retained jurisdiction over the proceedings, even as to subsequent actions, "In accordance with the statute in such cases made and provided * * *." In the face of our Supreme Court having assumed jurisdiction over the matter and having expressly retained such jurisdiction for further proceedings, this court will require compliance with the provisions of that order, and with the provisions of the statute requiring that the permission of the Supreme Court be obtained prior to the bringing of such an action. Such permission concededly lacking in the case, the motion to strike the complaint will be granted; an order will be entered accordingly.